UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

3   09   0638

IN RE:   JAKI AKAI XAVIER          )          No. 3:09mc0097
         MAHAMMAD                  )          Judge Echols


ORDER


The Court entered an Order on May 21, 2009 directing the plaintiff, *inter alia*, to pay the

$350.00 filing fee, or submit an application to proceed *in forma pauperis* with a copy of his inmate

trust fund account statement for the 6-month period immediately preceding the date that he received

the Court's Order. (Docket Entry No. 2). The Court forewarned the plaintiff that, if he did not

comply with its Order, the Court was required to presume that he was not a pauper, assess the full

amount of the filing fee, and dismiss the case with prejudice for want of prosecution. (Docket Entry

No. 2).

More than 30 days have passed since the Court's May 21, 2009 Order entered. Although

the Certified Mail return receipt, signed by the plaintiff, was returned to the district court on May 27,

2009 (Docket Entry No. 3), the plaintiff has neither complied with the Court's prior Order, nor has

he sought an extension of time to do so.

The Clerk is **DIRECTED** to file the complaint *in forma pauperis*. 28 U.S.C. § 1915(a).

However process shall **NOT** issue.

The plaintiff is herewith assessed the $350.00 civil filing fee. *McGore v. Wrigglesworth*,

114 F.3d 601, 605 (6th Cir. 1997). Pursuant to 28 U.S.C. §§ 1915(b)(1)(A) and (B), the custodian

of the plaintiff's inmate trust fund account at the institution where he now resides is directed to

submit to the Clerk of Court, as an initial payment, whichever is the greater of:

    (a)    twenty percent (20%) of the average monthly deposits to the plaintiff's inmate trust fund account; <u>or</u>

    (b)    twenty percent (20%) of the average monthly balance in the plaintiff's inmate trust fund account for the prior six (6) months.

Thereafter, the custodian shall submit twenty percent (20%) of the plaintiff's preceding monthly income, or income credited to the plaintiff's inmate trust fund account for the preceding month, but only when such monthly income exceeds ten dollars ($10.00). Such payments shall continue until the $350.00 filing fee has been paid in full to the Clerk of Court as prescribed by 28 U.S.C. § 1914(a). 28 U.S.C. § 1915(b)(2).

For the reasons explained in the Court's prior Order (Docket Entry No. 2), this action is **DISMISSED WITH PREJUDICE** for want of prosecution and for failure to comply with the Orders of the Court. *McGore v. Wrigglesworth*, 114 F.3d 601, 605 (6th Cir. 1997).

Because an appeal from the judgment rendered herein would **NOT** be taken in good faith, the plaintiff is **NOT** certified to pursue an appeal from this judgment *in forma pauperis*. 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 444-46 (1962). Nevertheless, should the plaintiff decide to file a notice of appeal, he either must pay the Clerk of Court the full four hundred fifty-five dollar ($455.00) appellate filing fee, or submit a new application to proceed *in forma pauperis* with a certified copy of his inmate trust account statement for the six (6) month period preceding the filing of his notice of appeal. 28 U.S.C. §§ 1915(a)(1) and (a)(2); *McGore*, 114 F.3d at 605.

The Clerk is **DIRECTED** to send a copy of this Order to the Warden at the Riverbend Maximum Security Institution in Nashville to ensure that the custodian of the plaintiff's inmate trust

2

fund account complies with the portion of the Prison Litigation Reform Act that pertains to the payment of filing fees. Should the plaintiff be transferred from his present place of confinement, the custodian of his inmate trust fund account shall ensure that a copy of this Order follows the plaintiff to his new place of confinement. All payments made pursuant to this Order shall be forwarded to the Clerk of Court for the Middle District of Tennessee.

Entry of this Order shall constitute the judgment in this action.

It is so **ORDERED**.

Robert L. Echols
United States District Judge